**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Samuel Saada,<br><br>                              Plaintiff,<br><br>        -v-<br><br><br>Jacquemus L'amerique, LLC,<br><br>                              Defendant. | **Civ. Action #:**<br><br>**<u>Complaint</u>**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Samuel Saada ("Plaintiff" or "Saada"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendant Jacquemus L'amerique, LLC ("Defendant" or "Jacquemus"), respectfully alleges as follows:

## <u>NATURE OF THE ACTION</u>

1. Plaintiff alleges, that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover all his unpaid wages, including his unpaid overtime wages under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated – including liquidated damages on all wages paid later than weekly, damages, interest, and attorneys'

1

fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff also complains that Defendant terminated and discharged him from his employment in discrimination and retaliation by Defendant because Plaintiff in good faith exercised his rights to wages under the FLSA and NYLL and opposed and complained of Defendant's attempts to deprive him of such wages. Such retaliatory termination violates FLSA 29 USC § 215 and NYLL § 215 and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201    2202.

## THE PARTIES

8. At all times relevant herein, Plaintiff Samuel Saada ("Plaintiff" or "Saada") was an adult, over eighteen years old, who resides in New York County in the State of New York.

9. At all times relevant herein, Defendant Jacquemus L'amerique, LLC ("Jacquemus") was a New York limited liability company.

10. At all times relevant herein, Defendant controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

11. Upon information and belief and at all times relevant herein, Defendant Jacquemus owned/operated a place of business in New York County, New York at 143 Spring Street, New York, NY 10012, where Plaintiff was employed.

12. At all times relevant herein, Plaintiff was employed by Defendant.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendant was in luxury shoe, handbag and clothing business.

14. Upon information and belief, and at all relevant times herein, Defendant owned several locations and employed over 80 employees.

15. Plaintiff was employed by Defendant from on or about October 5, 2024 to January 16, 2025.

16. At all times relevant herein, Defendant employed Plaintiff as a manual worker performing a variety of manual and physical duties such as lifting, moving, packing, unpacking boxes/packages and merchandise, assisting customers, etc., throughout his workday with Defendant.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendant, and his last hourly rate of pay was $24.00 an hour.

18. At all times relevant herein, Plaintiff worked 45 to 55 or more hours each week; 5 or more days a week and was paid at his straight regular hourly rate for each and all hours worked in a week including his overtime hours (hours over 40 hours in a week) - with the exception of about 2 weeks. For example, for the biweekly pay period December 16, 2024 to December 31, 2024, Plaintiff worked at least 100.50 hours including 20.5 overtime hours and Defendant paid Plaintiff at his straight regular hourly rate of $24.00 an hour for each and all of these 100.5 hours worked this period including 20.5 overtime hours instead of at his correct overtime rate or at least $36.00 (or more including commissions). This example is reflective of Defendant's pay practice through Plaintiff's employment with Defendant.

19. At all times relevant herein, Plaintiff was also paid commission wages he earned from his work of about $500 to $700 each week, in addition to his hourly wages.

20. At all times relevant herein, Defendants had a policy and practice of not including Plaintiff's commissions wages when computing Plaintiff's effective regular rate and his overtime rate as required by 29 CFR § 778.117 – this failure resulted in an underpayment of overtime wages in each week during Plaintiff's employment with Defendants – with the exception of about 2 weeks.

21. Although Plaintiff was paid for some overtime hours, Defendant had a policy and practice of improperly deducting about 60 minutes or more each day from Plaintiff's work time. However, due to the demands of his job, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL. 29 C.F.R. § 785.18; 29 C.F.R. § 785.19. As a result, Plaintiff is owed overtime wages for about 5 or more overtime hours worked each week during his employment with Defendant - with the exception of about 2 weeks, which he seeks to recover with this action and for which he was not paid any wages.

22. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR §142, are incorporated herein by reference.

23. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours each week during his employment with Defendant.

24. At all times relevant herein, Defendant paid Plaintiff on a bi-weekly basis in violation of NYLL 191 (1)(a)(i). See i.e. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't, 2019).

25. At all times relevant herein, Defendant, failed to provide Plaintiff with the required notice at

the time of his hiring pursuant to NYLL § 195(1) containing, among other things, his rate of pay, designated payday, and the name, address, and telephone number for Defendant and Plaintiff never received such a notice. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

26. At all times relevant herein, Defendants failed to provide Plaintiff with the required wage statements pursuant to NYLL § 195(3) – the wage statements provided to Plaintiff showed fewer hours than what he actually worked and less wages than he actually earned – by not showing the work hours and earned wages claimed herein, which prevented his from determining and seeking payment for the precise amount of his unpaid wages and he was thus harmed by being deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

27. At all times relevant herein, Defendant's failure to provide Plaintiff with the required wage notice and wage statements, caused Plaintiff to suffer injury because Plaintiff was underpaid and wasn't advised that he was due overtime wages when he worked the additional overtime hours over 40 each week claimed in this action — that is, he didn't know he was supposed to be paid additional overtime and other wages claimed in this action, and he lost out on the ability to advocate for such wages and be paid according to the requirements of the law such as the FLSA and NYLL.

28. At all times relevant herein, Defendant's failure to provide Plaintiff with the required wage notices and wage statements, Defendant forced Plaintiff to spend time accounting and tabulating the information not provided such as the unpaid overtime hours and wages claimed herein, as best as he can – time is money and the several hours spent doing this would have been saved had Defendant carried out its legal obligations to provide Plaintiff with the required wage notice and wage statements which provides this type of accounting and tabulation and a lot more such as the amounts each pay period and year to date totals.

29. Plaintiff was terminated on or about January 16, 2025, because Plaintiff complained and complained in good faith about Defendant's failure to pay wages and overtime wages due under the FLSA and NYLL and to also pay such wages in a timely manner and full amount.

For example, Plaintiff's good faith opposition and complaints included those about Defendant's payroll department paying Plaintiff late beyond the regular pay period, and not paying Plaintiff for all overtime hours worked and Defendant's failure to properly pay commissions and overtime based on those commissions especially those tied to an individual who was not legally authorized to work in the store.

30. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500,000.

31. Upon information and belief and at all times relevant herein, Defendant conducted business with vendors/entities/persons within the State of New York.

32. Upon information and belief, and at all times relevant herein, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, payroll application, timekeeping, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendant.

33. Upon information and belief and at all times relevant herein, Defendant utilized the goods, materials, and services through interstate commerce.

34. Defendant as a regular part of its business, make payment of taxes and other monies to agencies and entities outside the State of New York.

35. Upon information and belief, and at all relevant times herein, Defendant conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

36. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

37. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8), and Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

38. "Plaintiff" as used in this complaint refers to the named Plaintiff.

39. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime wages)

40. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

42. At all times relevant to this action, Defendant was engaged in commerce and/or in the production of goods for commerce and/or Defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206, 207.

43. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

44. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

## Relief Demanded

45. Due to Defendant's FLSA overtime wage violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. & 12 NYCRR § 142-2.2 (Overtime Wages)

46. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if set forth fully and at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

48. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

## Relief Demanded

49. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198 – Unpaid and Withheld Wages

50. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 49 above with the same force and effect as if fully set forth at length herein.

51. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

52. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

53. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs

pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

54. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid non-overtime and overtime wages, maximum liquidated damages – including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION – 
## FLSA RETALIATION/DISCRIMINATION - 29 U.S.C § 215

55. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 54 above as if set forth fully and at length herein.

56. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA including 29 USC § 207 and 29 USC § 215.

57. At all times relevant herein, Defendant was a covered person or entity within the meaning of 29 USC § 215.

58. Defendant discharged/terminated Plaintiff's employment with them in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 for engaging in protected activity such as opposing and complaining in good faith about Defendant's failure to pay Plaintiff wages owed to him under the FLSA as further set forth above.

## Relief Demanded

59. Defendants' FLSA violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to and seeks to recover from Defendant all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement, maximum

9

liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

**AS AND FOR A FIFTH CAUSE OF ACTION**
**RETALIATION/DISCRIMINATION - NYLL § 215**

60. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 59 above as if set forth fully and at length herein.

61. At all times relevant herein, Plaintiff was employed by Defendant within the meaning of the New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

62. At all times relevant herein, Defendant was a covered person or entity within the meaning of New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

63. Defendant discharged/terminated Plaintiff's employment with them in retaliation and discrimination and in violation of the NYLL § 215 for engaging in protected activity such as opposing and complaining in good faith about Defendant's failure to pay Plaintiff wages owed to him under the NYLL as further set forth above.

64. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

**Relief Demanded**

65. Defendant's New York Labor Law violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendant all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

66. Declare Defendant to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142 and Article 6 of the NYLL – NYLL § 190 et Seq.

67. As to his **First Cause of Action**, award Plaintiff his unpaid overtime wage compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

68. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wage compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

69. As to his **Third Cause of Action**, award Plaintiff any and all unpaid wages, including his unpaid overtime wages, non-overtime wages, due under law, maximum liquidated damages – including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

70. As to the **Fourth Cause of Action**, award Plaintiff all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement/front pay, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

71. As to the **Fifth Cause of Action**, award Plaintiff all damages available under NYLL § 215, including his lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215;

72. Award Plaintiff prejudgment interest on all monies due.

73. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

74. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**March 31, 2025**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan _____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com